**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-5089

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WILLIAM LOFLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:02-cr-00005-FPS-1)

Submitted:  June 19, 2008          Decided:  August 15, 2008

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John William Loflin was convicted by a jury of three counts of traveling interstate with intent to engage in sexual relations with a juvenile (Counts 3, 5, and 7), in violation of 18 U.S.C.A. § 2423(b) (West Supp. 2008), and three counts of interstate travel to engage in criminal sexual activity with a juvenile (Counts 4, 6, and 8), in violation of 18 U.S.C.A. § 2423(a) (West Supp. 2008). He was sentenced to 144 months of imprisonment. We affirmed his sentence on appeal, but the Supreme Court vacated and remanded in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Loflin, 91 F. App'x 873 (4th Cir. 2004), vacated, 543 U.S. 1100 (2005). On remand, the district court again sentenced Loflin to 144 months of imprisonment. Loflin timely appeals, alleging that the district court's reimposition of his 144-month sentence violated his Sixth Amendment rights and was procedurally and substantively unreasonable. For the reasons that follow, we affirm.

After Booker, appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard, Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007), and a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Sentencing Guidelines range. Then, it must consider the resulting

- 2 -

range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and determine an appropriate sentence. <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). We find that the district court properly followed the necessary steps in resentencing Loflin. <u>Id.</u> Moreover, we find no procedural or substantive errors in the district court's sentence. <u>Gall</u>, 128 S. Ct. at 597; <u>Pauley</u>, 511 F.3d at 473. Finally, we find no error in the district court's decision to follow the grouping calculation as set forth in the presentence report. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 3D1.2(b), comment. (n.4) (2007).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>